[Cite as *State v. Gray*, 2019-Ohio-3502.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1248

     Appellee                                        Trial Court No. CR0201802647

v.

Kerwin D. Gray                                        **DECISION AND JUDGMENT**

     Appellant                                       Decided:  August 30, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 5, 2018 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a three-year term of incarceration

following appellant's conviction on one count of burglary, in violation of R.C. 2911.12, a

felony of the third degree, ordered to be served consecutively with a 420-day term of

incarceration imposed for appellant's violation of postrelease control as the instant burglary offense was committed while appellant was on postrelease control arising from prior felony convictions. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Kerwin Gray, sets forth the following assignment of error:

THE COURT ERRED IN ORDERING CONSECUTIVE SENTENCES FOR ONE POST RELEASE CONTROL VIOLATION.

{¶ 3} The following undisputed facts are relevant to this appeal. On the afternoon of April 8, 2018, appellant stole a safe containing several thousand dollars from a West Toledo music store. Appellant's crimes were recorded on the stores video surveillance system.

{¶ 4} On September 5, 2018, appellant was indicted on one count of burglary, a felony of the third degree, and one count of safe cracking, a felony of the fourth degree.

{¶ 5} On October 22, 2018, appellant pled guilty to the pending burglary offense, in violation of R.C. 2911.12, a felony of the third degree. In exchange, the remaining felony offense was dismissed. The case was referred for a presentence investigation.

{¶ 6} On November 5, 2018, appellant was sentenced. Appellant possesses an exceptionally lengthy criminal record. Appellant's record includes 64 prior adult criminal convictions, with 34 of the prior convictions being felony convictions.

{¶ 7} At sentencing, the trial court expressly verified appellant's understanding that the instant conviction would constitute a violation of appellant's postrelease control

2.

that appellant remained under at the time of the current offense.  Appellant unequivocally affirmed his understanding.

{¶ 8} The trial court then conveyed in pertinent part, "[T]his is quite frankly the worst criminal record I have ever seen.  34 prior adult felony convictions, 30 adult misdemeanor convictions.  You have convictions in Ohio, Michigan, and Indiana.  You have been sentenced to both state and local incarceration on numerous occasions."

{¶ 9} Nevertheless, the trial court ultimately determined, "[Y]ou are going to prison today but I'm not giving you as much time as I could because you didn't hurt anyone and because you were forthright and honest about your crimes."

{¶ 10} The trial court proceeded to sentence appellant to a three-year term of incarceration for the underlying burglary conviction.  The trial court also sentenced appellant to a 420-day term of incarceration for appellant's violation of postrelease control.  The terms of incarceration were ordered to be served consecutively.  Lastly, the trial court sentenced appellant to a three-year term of postrelease control for the underlying offense, not to be commenced until appellant's release from the total term of incarceration imposed in this case.  This appeal ensued.

{¶ 11} In the sole assignment of error, appellant asserts that the court erred in imposing consecutive sentences in this matter.  For clarity, appellant's specific argument on appeal is focused solely upon *the statutory prohibition of imposing separate periods of postrelease control consecutive to one another*.  (Emphasis added).

3.

{¶ 12} We have carefully reviewed the transcript of the sentencing, the written sentencing entries, and the record of evidence in order to ascertain the veracity of appellant's claimed error on appeal. We note that *the subject sentence imposed consecutive terms of incarceration, it did not impose consecutive terms of postrelease control.* (Emphasis added).

{¶ 13} Appellant's brief in support of this matter asserts that the trial court's written sentencing entry, issued following appellant's November 8, 2018 sentencing, stated, "[P]ursuant to R.C. 2967.28(F)(c) * * * the specific prison term to be imposed is 420 days [imposed for the post-release control violation]. This sentence is ordered served consecutively to the sentence ordered in CR201802647 [the current burglary case]."

{¶ 14} We first note that the record shows that the written sentencing entry does not state, "[P]ursuant to R.C. 2967.28(F)(c)," as presented by appellant. On the contrary, the sentencing entry states, "[P]ursuant to R.C. 2967.28(F)(4)." This discrepancy is a critical distinction.

{¶ 15} R.C. 2967.28(F)(4), the statutory provision actually cited by the trial court establishes, "Any period of post-release control shall commence upon an offender's actual release from prison." By contrast, R.C. 2967.28(F)(4)(c) establishes, "Periods of post release control shall be served concurrently and shall not be imposed consecutively to one another."

{¶ 16} Stated differently, appellant's underlying argument in this appeal is rooted in a statutory section not cited by, or relied upon by the trial court in reaching the subject

4.

felony sentence. The sentencing transcript reflects that the trial court stated, "*After your release from prison*, Mr. Gray, you will be placed on a mandatory term of post release control for 3 years." (Emphasis added). This conforms with, and was done pursuant to the authority established by R.C. 2967.28(F)(4), the actual statutory section referenced by the trial court in the written sentencing entry.

{¶ 17} The sentencing transcripts, and the corresponding sentencing entries, clearly reflect that the trial court did not impose consecutive terms of postrelease control, as suggested by appellant, and as prohibited by R.C. 2967.29(F)(4)(c).

{¶ 18} On the contrary, the record reflects that the trial court imposed a three-year term of incarceration to be served for the instant burglary offense, imposed consecutively with a 420-day term of incarceration for the corresponding postrelease control violation. The trial court also imposed a three-year term of postrelease control for the new felony conviction commencing only upon appellant's completion of the four-year and 55-day total term of incarceration imposed in this case.

{¶ 19} Appellant's claims of an unlawful imposition of consecutive terms of postrelease control are refuted by the plain language of the sentencing entry and the record of evidence. We find that the disputed felony sentence was lawful.

{¶ 20} Based upon the foregoing, we find appellant's assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____
_____    JUDGE

Arlene Singer, J. _____

_____
Thomas J. Osowik, J. _____
CONCUR.                         JUDGE


_____
JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.